FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2009 MAR 12 AM 10:26
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SARAH MCCRANIE,  )
       Plaintiff,  )
       )
v.  )    CASE NO. CV408-011
       )
HOFFMAN ELECTRIC CO., INC.,  )
       Defendant.  )

## ORDER

Before the Court is Defendant Hoffman Electric's First Motion for Summary Judgment. (Doc. 12.) For the following reasons, Defendant's Motion is **DENIED**.

### BACKGROUND

In May of 1992, Defendant Hoffman Electric Co., Inc. hired Plaintiff Sarah McCranie to perform bookkeeping duties. (Doc. 1 ¶ 8.) After several years of satisfactory work performance, Plaintiff was promoted to Office Manager. (Id.) On December 29, 2006, Plaintiff was told by Mrs. Cindy Hoffman[1] to go home because she was no longer needed. (Id. ¶ 10.) Following the New Year Holiday, Plaintiff attempted to return to work, only to find that her belongings had been removed from her office. (Id. ¶ 11.) An inquiry by Plaintiff revealed that Defendant had

---

[1] Mrs. Hoffman is the wife of the owner of Hoffman Electric. (Doc. 1 ¶ 10.)

terminated her employment. (Id.) Plaintiff was eighty-years of age at the time she was discharged. (Id. ¶ 16.) Plaintiff alleges that Mrs. Hoffman told at least one other employee that Plaintiff was too old and crippled to be working, and that she should retire. (Id. ¶ 13.)

On January 18, 2008, Plaintiff filed a Complaint against Defendant, alleging discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and discrimination based on a perceived disability under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12300. (Doc. 1.) Defendant filed its Answer on February 15, 2008, which included a counterclaim based on fraud and "loss of money." (Doc. 5.) On July 9, 2008, Defendant filed the Motion for Summary Judgment and Attorney's Fees presently before the Court. (Doc. 12.)

In its Motion, Defendant presents several theories as to why this Court should grant its request for summary judgment. First, Defendant argues that Plaintiff is not entitled to relief under the ADEA because she is unable to show that Defendant "had [twenty] employees for each working day in each of [twenty] weeks in the current or preceding calendar year."[2] (Doc. 12 at 3), see 29 U.S.C. § 630(b)

---

[2] Defendant did not make this argument with respect to the ADA, which covers entities employing "15 or more employees

2

(defining an employer under the ADEA as having "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"). Second, Defendant contends that Plaintiff has failed to show that age was the determining factor in Defendant's decision to terminate her employment. (Doc. 12 at 3.) Third, Defendant asserts that Plaintiff is not entitled to relief under the ADA because she was neither disabled nor perceived to be disabled. (Id. at 5.) Fourth, Defendant maintains that Plaintiff was terminated for matters unrelated to her age or any disability. (Id. at 7.) Fifth, Defendant propounds that Plaintiff is not entitled to damages for future loss of wages because she failed to seek employment after her termination. (Id. at 8.)

In response, Plaintiff alleges that Georgia Department of Labor employment records show that Defendant employed a sufficient number of individuals to be covered under the ADEA. (Doc. 16 at 3-5.) Also, Plaintiff asserts that she

---

for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(a). Therefore, it appears that Defendant concedes that it has at least fifteen employees, but denies that it has twenty.

3

provided sufficient direct evidence of discrimination to survive summary judgment.[3] (Id. at 6-8.)

## ANALYSIS

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee

---

[3] In its Response to Defendant's Motion for Summary Judgment, Plaintiff relied on three Affidavits as direct evidence of discrimination. (Doc. 16 at 7.) The Court questions Plaintiff's use of two of these Affidavits—those of Mr. Robert Simmons and Mr. Randy Markin.

First, in its Reply to Plaintiff's Response, Defendant provided the Court with a signed Affidavit of Mr. Simmons. (Doc. 17.) In this Affidavit, Mr. Simmons stated that he never signed the affidavit presented by Plaintiff. Plaintiff subsequently withdrew Mr. Simmons's Affidavit. (Doc. 18.) Second, Defendant requested that Plaintiff produce the original signed copy of Mr. Markin's Affidavit. (Doc. 19.) In response, Plaintiff withdrew the Affidavit of Mr. Markin. (Doc. 21.)

The Court is unable to discern what precisely transpired with respect to these Affidavits. As Plaintiff has withdrawn these Affidavits, the Court will not consider them when ruling on Defendant's Motion. Furthermore, the Court will schedule a hearing on this matter in due course to determine whether the actions of Plaintiff's Counsel warrant sanctions.

4

notes). Summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish, by going beyond the pleadings, that there is a genuine issue concerning facts material to its case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla"

of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

I. Whether Defendant Qualifies as an Employer Under the ADEA

Defendant argues that it is entitled to summary judgment on Plaintiff's ADEA claim because Defendant is not an employer as defined by the ADEA. (Doc. 12 at 3.) Under the ADEA, an employer is "a person engaged in an industry affecting interstate commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). The "payroll method" is the appropriate test for determining the number of employees an employer has on any particular day. See Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 207 (1997).[4] Under this test, an

---

[4] In Walters, the Supreme Court was assessing the definition of employer under Title VII. However, due to the similarity of the two statutes, the Supreme Court's holding applies to the definition of employer under the ADEA. See Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001)

individual's appearance on an employer's payroll establishes the presence of an employment relationship, which results in that individual being counted as an employee under the ADEA. See id. 206-07.

Defendant's status as an employer under the ADEA is both a substantive element of an ADEA claim and a question of jurisdiction. Garcia v. Copenhaver, Bell & Assocs., M.D.'S, P.A., 104 F.3d 1256, 1264 (11th Cir. 1997). Because it is a substantive element, the question is one of fact to be resolved by the fact finder when assessing the merits of Plaintiff's claim, rather than a threshold question of law to be determined by the Court. Id. Of course, Defendant may still obtain summary judgment if Plaintiff fails to put forward evidence to support its contention that Defendant was an employer under the ADEA.

To support its argument, Defendant relies on the Affidavit of Mrs. Hoffman, which states that Defendant "did not have twenty employees work each day of the week for any twenty weeks during the 2006 year." (Doc. 12, Cynthia Hoffman Aff. ¶ 3.) In response, Plaintiff argues that Defendant met the definition of employer for the 2005

---

("[W]e typically apply legal standards developed in Title VII and ADEA cases interchangeably." (citing Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc))).

calendar year, the calendar year preceding her termination.[5] To support her assertion, Plaintiff has provided Georgia Employer's Quarterly Tax and Wage Reports for January through June 2005, which suggest that Defendant continuously had at least 22 employees during that period. (Doc. 16, Ex. 10.) This documentation is sufficient to establish the presence of a genuine issue of fact because the Quarterly Tax and Wage Reports provided by Plaintiff indicate that it is possible Defendant did employ the requisite number of individuals to make it subject to the requirements of the ADEA. Therefore, Defendant is not entitled to summary judgment on this claim.

II. Whether Plaintiff has Failed to Show Age as the Determining Factor in Her Termination

Defendant argues that it is entitled to summary judgment on Plaintiff's ADEA claim because she failed to show that age was a determining factor in her termination. (Doc. 12 at 3-5.) In order to establish a claim of discrimination under the ADEA, Plaintiff must establish that Defendant's decision to terminate her employment was based on her age. See Morrison v. Amway Corp., 323 F.3d 920, 926

---

[5] Plaintiff has provided evidence that she was terminated on December 29, 2006, which has not been contested by Defendant. (See Doc. 16, Ex. 4, Georgia Department of Labor Separation Notice.) Therefore, the relevant span of time for determining if Defendant was an employer under the ADEA is January 1, 2005 to December 31, 2006.

(11th Cir. 2003) ("[A] plaintiff can only recover [under the ADEA] if he is able to prove an employer discriminated against him[] on the basis of age." (internal quotations omitted)). A plaintiff may use either direct or circumstantial evidence to show that an employer's actions were based on illegal age discrimination.[6] Van Voorhis v. Hillsborough County Bd. of Comm'rs, 512 F.3d 1296, 1300 (11th Cir. 2008).

According to the Eleventh Circuit Court of Appeals, direct evidence is that which tends to show that a defendant possessed a "discriminatory or retaliatory attitude" in relation to the adverse employment action that is the center of the plaintiff's claim. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004) (quoting Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999)). In the ADEA context, direct evidence of age discrimination embraces only those actions and remarks that leave little doubt as to an employer's intent to discriminate on the basis of age. See Van Voorhis, 512 F.3d at 1300 (quoting Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989)). The paradigmatic example of direct

---

[6] Defendant did not argue that Mrs. Hoffman's alleged statement failed to rise to the level of direct evidence. Accordingly, the Court can only conclude that Defendant concedes Mrs. Hoffman's alleged statement would be direct evidence of discrimination.

9

evidence would be a memorandum from company management directing the termination of an employee because she is too old. See Merritt v. Dillard Paper Co., 120 F.3d 1181, 1190 (11th Cir. 1997). However, the evidence need not be that explicit to be considered direct. Id. Generally, the Eleventh Circuit finds direct evidence where "'actions or statements of an employer reflect[] a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee.'" Id. (quoting Caban-Wheeler v. Elsea, 904 F.2d 1549, 1555 (11th Cir. 1990)). In this case, Mrs. Hoffman's alleged statement that Plaintiff was too old to work is direct evidence because it indicates a disposition to terminate Plaintiff's employment that is improperly based on Plaintiff's age.

When faced with direct evidence of age discrimination, an employer can avoid liability by proving that it would have taken the identical employment action regardless of any discriminatory intent. Van Voorhis, 512 F.3d at 1300. Here, Defendant argues that the only evidence adduced by Plaintiff with respect to Defendant's discriminatory intent is "a hearsay statement from a disgruntled past employee." (Doc. 12 at 3-4.) In response, Plaintiff argues that summary judgment is inappropriate because she has presented direct evidence of age discrimination. (Doc. 16 at 6.) To

10

support her argument, Plaintiff has provided the sworn Affidavit of Ms. Brenda Gay, who states that Mrs. Hoffman told her that Plaintiff was "'too old and decrepit' to be working." (Doc. 16, Brenda Gay Aff. ¶ 5.) Ms. Gay's Affidavit, even if she is a disgruntled employee,[7] provides sufficient evidentiary support for Plaintiff's allegations, thus creating a dispute concerning an issue of material fact. As a result, the Court cannot grant Defendant's request for summary judgment.[8]

---

[7] Defendant also presents a myriad of arguments to support its contention that the Court should disregard Ms. Gay's Affidavit. For example, Defendant states that Mrs. Hoffman never made the comment directly to Plaintiff; that Mrs. Hoffman made the statement only once; that no other person made any similar statement; and that Plaintiff does not know where the statement was made. While not unimportant points, these arguments tend to diminish the veracity of Ms. Gay's testimony rather than refute it. In determining the merits of Defendant's Motion for Summary Judgment, the Court must take the facts in the light most favorable to Plaintiff, and not seek to determine the truthfulness of the evidence presented by the Parties. To do so would encroach on the duties properly assigned to the jury as the finder of fact. As a result, this Court cannot award Defendant summary judgment on this claim.

[8] Defendant also states, in passing, that Ms. Gay's testimony is hearsay. However, Defendant did not argue in its Motion that the testimony was inadmissible or provide any support for its conclusion. Therefore, the Court expresses no opinion as to the merits of Defendant's objection. Should Defendant seek to prevent the admission of Ms. Gay's testimony at trial, it should move this Court at the appropriate time.

III. **Whether Plaintiff was Disabled or Perceived to be Disabled**

Defendant argues that it is entitled to summary judgment with respect to Plaintiff's ADA claim because Plaintiff was neither disabled nor perceived to be disabled. (Doc. 12 at 5-7.) Plaintiff has not argued that she was disabled, only that Defendant perceived that she was disabled. Therefore, this Court need only assess Defendant's argument that it did not perceive Plaintiff to be disabled.

The ADA prohibits employers from discriminating against qualified employees on the basis of a disability. For the provisions of the ADA to apply, an employee need not be disabled, but only perceived by her employer to be disabled. 42 U.S.C. § 12102(1)(C) (defining disability as "being regarded as having [] an impairment"). As with claims under the ADEA, discussed above, a plaintiff may use either direct or circumstantial evidence to support a claim for discrimination under the ADA based on a perceived disability. See Wascura v. City of S. Miami, 257 F.3d 1238, 1242 (11th Cir. 2001).

Defendant's request for summary judgment with respect to Plaintiff's ADA claim is based on the same arguments advanced by Defendant with respect to Plaintiff's ADEA

claim. As noted above, Ms. Gay's Affidavit is direct evidence of discrimination that creates a genuine issue of material fact.[9] Therefore, it would be inappropriate for this Court to award Defendant summary judgment on Plaintiff's ADA claim.

IV. Whether Plaintiff was Terminated for Reasons Unrelated to Her Age or Any Disability

In its Motion, Defendant provides a litany of reasons for Plaintiff's termination unrelated to her age or any perceived disability.[10] (Doc. 12 at 7.) As discussed above, Defendant can avoid liability in the face of direct evidence of age and disability discrimination if it can show that it would have taken the same employment action absent any discriminatory intent. Van Voorhis, 512 F.3d at 1300 (quoting Carter, 870 F.2d at 582). As discussed above, the Parties' competing theories are for the jury to resolve, not the Court. See supra Part II. Accordingly, it would be inappropriate to grant Defendant summary judgment at this time.

---

[9] Similar to Plaintiff's ADEA claim, Defendant raises a number of arguments questioning the creditability of Ms. Gay's Affidavit. As discussed above, it is for the trier of fact to determine how much weight to give Ms. Gay's testimony, not the Court. See supra Part II.

[10] The reasons provided by Defendant relate to Plaintiff's work performance, failure to cooperate with office staff, and refusal to learn new methods of performing her duties.

V.  <u>Whether Plaintiff is Entitled to Damages for Future Loss of Wages</u>

Defendant argues that Plaintiff is not entitled to future loss of wages because she testified at her deposition that she has not sought gainful employment since her termination. (Doc. 12 at 8.) However, Defendant fails to cite any statute or case to support its assertion. Defendant's failure to adequately articulate its argument or provide any legal support for its conclusion forces this court to deny its request for summary judgment on this issue at this time.[11] See <u>Resolution Trust Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 599 (11th Cir. 1995).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

SO ORDERED this 12th day of March, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[11] The Court notes that Defendant relied on very little legal support to advance any of the arguments contained in its Motion. While this failure may not have directly contributed to the Court's denial of Defendant's Motion, the Court suggests to both parties that future filings include adequate and appropriate citations to legal authority in support of their arguments.